THEODORE WESLEY GRASKE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38702.    Promulgated May 21, 1953.

*Theodore Wesley Graske, pro se.*
*John James O'Toole, Esq.,* for the respondent.

OPINION.

ARUNDELL, *Judge:* The issues in this case involve the exemptions and deductions which may be taken by a married taxpayer filing a separate income tax return. Respondent has held that petitioner could not claim an exemption credit for his wife, nor could he take an optional standard deduction in excess of $500.

Petitioner's contentions are based on two misconceptions of the meaning of the pertinent provisions of the Internal Revenue Code. His first error lies in his insistence that his form 1040 for 1950 was neither a separate return nor a joint return, but rather an individual return.

As we understand that term, an individual return is one on which personal income is reported, as distinguished from a corporate or other return. An individual return may be the joint return of a married couple, the separate return of a married person, or the separate return of a single person. It is clear from the facts set forth above that petitioner was married and that no joint return was intended or filed. There can be no question, then, that the form 1040 filed by petitioner for the calendar year 1950 was a separate return filed by a married person. Whether the form 1040 filed by Lee M. Graske was a return or a mere claim for refund has no bearing on the nature of petitioner's return, although he apparently attached some importance to that question. Section 23 (aa) (1) (A)[1] of the Internal

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

   (aa) OPTIONAL STANDARD DEDUCTION FOR INDIVIDUALS.—

      (1) ALLOWANCE.—In the case of an individual, at his election a standard deduction as follows:

         (A) Adjusted Gross Income $5,000 or More.—If his adjusted gross income is $5,000 or more, the standard deduction shall be $1,000 or an amount equal to 10 per centum of the adjusted gross income, whichever is the lesser, except that in the case of a separate return by a married individual, the standard deduction shall be $500.

420

Revenue Code expressly provides that in the case of a married individual with adjusted gross income of $5,000 or more filing a separate return, the standard deduction shall be $500. Therefore, respondent was entirely correct in disallowing that portion of the standard deduction in excess of $500.

Petitioner's second error is his interpretation of sections 35[2] and 1622 (h) (1) (D)[3] as authorization for an exemption credit of $600 for his spouse. Section 1622 (h) serves only to guide employers in determining the amounts to be withheld from an employee's wages. It is designed to cause the withholding from wages of the approximate amount of taxes for which the average employee will ultimately be liable. It does not purport to determine the exemptions which a taxpayer may take against net income in his return, that being the function of section 25.[4]

Section 35 does not help petitioner. It provides that "The amount deducted and withheld * * * shall be allowed as a credit * * * against the tax imposed * * *." Petitioner does not contend that the full amount withheld was not allowed as a credit. It follows that respondent properly disallowed the claimed exemption credit for petitioner's spouse.

*Decision will be entered for the respondent.*

---

[2] SEC. 35. CREDIT FOR TAX WITHHELD ON WAGES.
    The amount deducted and withheld as tax * * * during any calendar year upon the wages of any individual shall be allowed as a credit to the recipient of the income against the tax imposed by this chapter for the taxable year beginning in such calendar year. * * *

[3] SEC. 1622. INCOME TAX COLLECTED AT SOURCE.
    (h) WITHHOLDING EXEMPTIONS.—
        (1) IN GENERAL.—An employee receiving wages shall on any day be entitled to the following withholding exemptions:
            * * * * * * * *
        (D) If the employee is married, any exemption to which his spouse is entitled, * * * but only if such spouse does not have in effect a withholding exemption certificate claiming such exemption.

[4] SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.
            * * * * * * *
    (b) CREDITS FOR BOTH NORMAL TAX AND SURTAX.—
        (1) CREDITS.—There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income:
            (A) An exemption of $600 for the taxpayer; and an additional exemption of $600 for the spouse of the taxpayer if a separate return is made by the taxpayer, and if the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not the dependent of another taxpayer;