Asa Charles Epps, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 57239. Filed July 19, 1956.

*Charles J. Dugan, Esq.*, for the respondent.

OPINION.

Black, *Judge:* The Commissioner has determined a deficiency in petitioner's income tax for the year 1953 of $172. The deficiency is due to one adjustment made to the adjusted gross income reported on petitioner's return. That adjustment is described in the deficiency notice as follows:

Information received from you and/or available data appearing in your return indicates that the following exemption(s) (is) (are) not allowable within the meaning of section 25 of the Internal Revenue Code:

Exemption for Helen M. Epps disallowed. In reply to your letter dated May 28, 1954 with photostatic copy of Death Certificate of your deceased wife, and amended return, you are advised that you cannot claim your deceased wife as an exemption, since the Internal Revenue Law stipulates as follows:

"*Where the wife dies* and the husband remarries prior to the end of the calendar year, he would not be entitled to an exemption for his deceased spouse, even though she had no gross income and was not the dependent of another taxpayer, for the reason he was a married individual on the last day of his taxable year and his status as such and his allowable exemptions are determined as of that date."

To this adjustment petitioner assigns error as follows:

4. The determination of tax set forth in the said notice of deficiency is based upon the following error: (a) In refusing to permit me to claim the status of a married person by reason of my marriage to Helen M. Epps, (b) or, in the alternative, for not granting me the status by virtue of my marriage to Easter Belle Epps.

844

The facts are stipulated and are incorporated herein by reference. These facts may be summarized as follows:

Petitioner at all times relevant hereto was a resident of Maryland.

On January 1, 1953, petitioner was married to Helen M. Epps, sometimes hereinafter referred to as Helen. Helen had no gross income and petitioner contributed more than one-half of her support and maintenance. Helen died May 15, 1953.

Within the same taxable year, on October 23, 1953, petitioner married Easter Belle Epps, sometimes hereinafter referred to as Easter Belle. He has resided with her continuously since that date.

On March 15, 1954, petitioner filed his separate return for the calendar year 1953 with the district director of internal revenue at Baltimore, Maryland. On June 11, 1954, an amended return was prepared for the petitioner by an agent of the Internal Revenue Service for the purpose of correcting an error in mathematical computation. The return was filed on June 22, 1954, with the district director of internal revenue at Baltimore. On both the original and amended returns petitioner claimed an exemption for himself and his deceased wife, Helen.

Petitioner's second wife, Easter Belle, filed her separate return for the calendar year 1953 with the district director of internal revenue at Baltimore. She claimed an exemption for herself and for her daughter.

There is no dispute as to the facts in this case. The controversy is one of law.

In petitioner's income tax return for the taxable year he claimed one exemption for himself and also an exemption for his deceased wife, Helen. Respondent disallowed this latter exemption on account of the fact that petitioner had remarried during the taxable year and was living with his second wife at the end of the year. The first part of petitioner's assignment of error contests this determination of the Commissioner.

The applicable statutes are printed in the margin.[1] Of course, it is manifest that under section 25 (b) (2) of the 1939 Code petitioner

[1] I. R. C. 1939, as amended.

SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.
(b) CREDITS FOR BOTH NORMAL TAX AND SURTAX.—
(1) CREDITS.—There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income:
(A) An exemption of $600 for the taxpayer; and an additional exemption of $600 for the spouse of the taxpayer if a separate return is made by the taxpayer, and if the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not the dependent of another taxpayer;
    *    *    *    *    *    *    *
(2) DETERMINATION OF STATUS.—For the purposes of this subsection—
(A) the determination of whether an individual is married shall be made as of the close of his taxable year, unless his spouse dies during his taxable year, in which case such determination shall be made as of the time of such death; * * *

would be entitled to an exemption for his deceased wife, Helen, who died May 15, 1953, if he had not remarried during the taxable year. But he married his present wife, Easter Belle, on October 23, 1953, and was living with her at the end of the year. She filed her own return for the year 1953 and claimed her own exemption on that return.

Respondent has determined that petitioner's marriage to Easter Belle during the same taxable year of the death of Helen destroyed petitioner's right to take an exemption on account of Helen. The precise point raised by respondent's determination and petitioner's contest thereof has not been passed upon by our Court or any other court so far as we have been able to ascertain. The Commissioner, however, has ruled upon the precise point in I. T. 3832, 1947–1 C. B. 28. That I. T. says:

> Advice is requested as to the number of exemptions allowable for Federal income tax purposes in the case of a taxpayer whose first wife died during the taxable year 1946 and prior to the end of the taxable year the taxpayer remarried. The first wife had no gross income for the calendar year in which the taxable year of the taxpayer began, and she was not the dependent of another taxpayer. The second wife had gross income and filed a separate Federal income tax return in which she claimed an exemption for herself.

In that I. T. it was ruled as follows:

> In the instant case, the taxpayer could not take an exemption for his second wife because she had gross income and took her own exemption in her separate return. Since the taxpayer was a married individual on the last day of the taxable year, his status as such and his allowable exemptions are determined as of that date. He is not permitted to go back to the date of his deceased wife's death to establish a status as of that date in connection with another exemption. The applicable statute contemplates that a husband and wife, in their returns for a particular taxable year, will not claim exemptions in excess of $1,000 on account of the marital relationship.

It is clear that the facts in I. T. 3832, *supra*, are in all essential respects the same as they are here. It is true, of course, that we are not bound by a ruling contained in an I. T. If we thought the ruling were wrong, it would be our duty to rule otherwise. However, in view of the language of the applicable statute we do not think the ruling was wrong. We think it was correct. Therefore, we sustain the Commissioner's determination that petitioner is not entitled to take an exemption on account of his first wife, Helen, who died May 15, 1953.

Petitioner, as an alternative in his assignment of error, alleges that the Commissioner erred in not granting him an exemption on account of his being married to Easter Belle at the end of the taxable year. If petitioner and Easter Belle had filed a joint return for the taxable year two exemptions would have been allowable. But that

was not done. Petitioner filed a separate return and his wife, Easter Belle, filed a separate return and claimed her own exemption. Under these circumstances it is manifest that petitioner would not be allowed another exemption for her under the applicable statute. Cf. *Theodore Wesley Graske*, 20 T. C. 418. The Commissioner's determination is sustained.

*Decision will be entered for the respondent.*